# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| THE SHAMROCK COMPANIES, INC., | ) CASE NO. 1:22 CV 00242 |
| Plaintiff, | ) JUDGE PAMELA A. BARKER |
| vs. | ) |
| | ) **PLAINTIFF'S ANSWER TO** |
| MATTHEW T. THEIS, | ) **DEFENDANT'S COUNTERCLAIMS** |
| Defendant. | ) **(JURY DEMAND ENDORSED HEREON)** |

Plaintiff/Counterclaim Defendant, The Shamrock Companies, Inc. ("Shamrock"), by and through the undersigned counsel, hereby submits this Answer to the Counterclaims filed by Defendant/Counterclaim Plaintiff Matthew Theis ("Theis").

## ANSWER TO COUNTERCLAIMS

Plaintiff/Counterclaim Defendant, The Shamrock Companies, Inc., hereby submits this Answer to Defendants Counterclaims:

1. Shamrock admits the allegations contained in Paragraph 1 of the Counterclaims.

2. Shamrock admits the allegations contained in Paragraph 2 of the Counterclaims.

3. With regard to Paragraph 3 of the Counterclaims, Shamrock incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

4. With regard to Paragraph 4 of the Counterclaims, Shamrock admits that this Court has jurisdiction over claims such as those described in the Counterclaims, but Shamrock denies that Theis has stated or can state such claims.

5. Shamrock admits the allegations contained in Paragraph 5 of the Counterclaims.

6. Shamrock denies the allegations contained in Paragraph 6 of the Counterclaims.

7. Shamrock admits the allegations contained in Paragraph 7 of the Counterclaims.

8. With regard to Paragraph 8 of the Counterclaims, Shamrock admits that venue is proper in this District for claims involving circumstances such as those alleged in the Counterclaims but denies that Theis has stated or can state such claims.

9. With regard to Paragraph 9 of the Counterclaims, Shamrock incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

10. Shamrock admits the allegations contained in Paragraph 10 of the Counterclaims.

11. Shamrock admits that Theis was paid on a commission basis as set forth in Shamrock's Sales Policy Manual. Shamrock denies the remaining allegations contained in Paragraph 11 of the Counterclaims.

12. Shamrock denies the allegations contained in Paragraph 12 of the Counterclaims.

13. With regard to Paragraph 13 of the Counterclaims, Shamrock admits that it conveyed a modified compensation plan to Theis via email in February 2020. Answering further, Shamrock states that the document speaks for itself and denies all further allegations contained in Paragraph 13 of the Counterclaims.

14. Shamrock states that the document speaks for itself and denies all further allegations contained in Paragraph 14 of the Counterclaims.

15. Shamrock denies the allegations contained in Paragraph 15 of the Counterclaims.

16. Shamrock denies the allegations contained in Paragraph 16 of the Counterclaims.

17. Shamrock denies the allegations contained in Paragraph 17 of the Counterclaims.

18. Shamrock denies the allegations contained in Paragraph 18 of the Counterclaims.

19. Shamrock denies the allegations contained in Paragraph 19 of the Counterclaims.

20. Shamrock denies the allegations contained in Paragraph 20 of the Counterclaims.

21. Shamrock denies the allegations contained in Paragraph 21 of the Counterclaims.

22. Shamrock denies the allegations contained in Paragraph 22 of the Counterclaims as stated.

23. Shamrock denies the allegations contained in Paragraph 23 of the Counterclaims.

24. Shamrock denies the allegations contained in Paragraph 24 of the Counterclaims.

25. Shamrock denies the allegations contained in Paragraph 25 of the Counterclaims.

26. Shamrock denies the allegations contained in Paragraph 26 of the Counterclaims as stated.

27. Shamrock denies the allegations contained in Paragraph 27 of the Counterclaims.

28. Shamrock admits that Theis voluntarily separated from employment with Shamrock but denies the remaining allegations contained in Paragraph 28 of the Counterclaims.

29. With regard to Paragraph 29 of the Counterclaims, Shamrock incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

30. Shamrock denies the allegations contained in Paragraph 30 of the Counterclaims as stated.

31. Shamrock admits that the modified compensation plan emailed to Theis in February 2020 included a term that Theis would earn an additional five percent commission if Shamrock's company-wide gross margin increased by greater than six percent in 2020. Shamrock denies the remaining allegations contained in Paragraph 31 of the Counterclaims.

32. Shamrock admits that Theis continued working for Shamrock after February 2020 but denies the remaining allegations contained in Paragraph 32 of the Counterclaims.

33. Shamrock admits that Theis continued working for Shamrock after February 2020 but denies the remaining allegations contained in Paragraph 33.

34. Shamrock denies the allegations contained in Paragraph 34 of the Counterclaims as stated.

35. Shamrock denies the allegations contained in Paragraph 35 of the Counterclaims.

36. Shamrock denies the allegations contained in Paragraph 36 of the Counterclaims.

37. With regard to Paragraph 37 of the Counterclaims, Shamrock incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

38. Shamrock denies the allegations contained in Paragraph 38 of the Counterclaims as stated.

39. Shamrock denies the allegations contained in Paragraph 39 of the Counterclaims.

40. Shamrock denies the allegations contained in Paragraph 40 of the Counterclaims.

41. Shamrock denies the allegations contained in Paragraph 41 of the Counterclaims.

42. Shamrock denies the allegations contained in Paragraph 42 of the Counterclaims.

43. With regard to Paragraph 43 of the Counterclaims, Shamrock incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

44. Shamrock denies the allegations contained in Paragraph 44 of the Counterclaims.

45. Shamrock denies the allegations contained in Paragraph 45 of the Counterclaims.

46. Shamrock denies the allegations contained in Paragraph 46 of the Counterclaims.

47. Shamrock denies the allegations contained in Paragraph 47 of the Counterclaims.

48. The allegations in Paragraph 48 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock denies the allegations contained in Paragraph 48 of the Counterclaims.

49. The allegations in Paragraph 49 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock denies the allegations contained in Paragraph 49 of the Counterclaims.

50. The allegations in Paragraph 50 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock denies the allegations contained in Paragraph 50 of the Counterclaims.

51. With regard to Paragraph 51 of the Counterclaims, Shamrock incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

52. Shamrock denies the allegations contained in Paragraph 52 of the Counterclaims.

53. Shamrock denies the allegations contained in Paragraph 53 of the Counterclaims.

54. Shamrock denies the allegations contained in Paragraph 54 of the Counterclaims.

55. Shamrock denies the allegations contained in Paragraph 55 of the Counterclaims.

56. Shamrock denies the allegations contained in Paragraph 56 of the Counterclaims.

57. Shamrock denies the allegations contained in Paragraph 57 of the Counterclaims.

58. With regard to Paragraph 58 of the Counterclaims, Shamrock incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

59. Shamrock denies the allegations contained in Paragraph 59 of the Counterclaims.

60. Shamrock denies the allegations contained in Paragraph 60 of the Counterclaims.

61. Shamrock denies the allegations contained in Paragraph 61 of the Counterclaims.

62. Shamrock denies the allegations contained in Paragraph 62 of the Counterclaims.

63. Shamrock denies the allegations contained in Paragraph 63 of the Counterclaims.

64. Shamrock denies the allegations contained in Paragraph 64 of the Counterclaims.

65. With regard to Paragraph 65 of the Counterclaims, Shamrock incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

66. The allegations in Paragraph 66 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock admits that it does business in Ohio but denies the remaining allegations contained in Paragraph 66.

67. The allegations in Paragraph 67 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock denies the allegations contained in Paragraph 67 of the Counterclaims.

68. Shamrock denies the allegations contained in Paragraph 68 of the Counterclaims.

69. The allegations in Paragraph 69 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock denies the allegations contained in Paragraph 69 of the Counterclaims.

70. With regard to Paragraph 70 of the Counterclaims, Shamrock incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

71. The allegations in Paragraph 71 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock denies the allegations contained in Paragraph 71 of the Counterclaims.

72. The allegations in Paragraph 72 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock denies the allegations contained in Paragraph 72 of the Counterclaims.

73. The allegations in Paragraph 73 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock denies the allegations contained in Paragraph 73 of the Counterclaims.

74. Shamrock denies the allegations contained in Paragraph 74 of the Counterclaims.

75. The allegations in Paragraph 75 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock denies the allegations contained in Paragraph 75 of the Counterclaims.

76. With regard to Paragraph 76 of the Counterclaims, Shamrock incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

77. Shamrock denies the allegations contained in Paragraph 77 of the Counterclaims.

78. The allegations in Paragraph 78 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock admits that it maintains an office in the State of Illinois but denies the remaining allegations contained in Paragraph 78 of the Counterclaims.

79. The allegations in Paragraph 79 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock denies the allegations contained in Paragraph 79 of the Counterclaims.

80. The allegations in Paragraph 80 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock denies the allegations contained in Paragraph 80 of the Counterclaims.

81. Shamrock denies the allegations contained in Paragraph 81 of the Counterclaims.

82. The allegations in Paragraph 82 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock denies the allegations in Paragraph 82 of the Counterclaims.

83. With regard to Paragraph 83 of the Counterclaims, Shamrock incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

84. Shamrock denies the allegations contained in Paragraph 84 of the Counterclaims.

85. The allegations in Paragraph 85 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock admits that it maintains an office in the State of Illinois but denies the remaining allegations contained in Paragraph 85 of the Counterclaims.

86. The allegations in Paragraph 86 of the Counterclaims contain legal conclusions to which no response is required. To the extent that a response is required, Shamrock admits that 820 ILCS § 115/9 prohibits certain types of deductions but denies that it made any unlawful deductions from the wages it paid to Theis and denies the remaining allegations contained in Paragraph 86 of the Counterclaims.

87. Shamrock denies the allegations contained in Paragraph 87 of the Counterclaims.

88. Shamrock denies the allegations contained in Paragraph 88 of the Counterclaims.

89. Shamrock denies the allegations contained in Paragraph 89 of the Counterclaims.

90. With regard to Theis's prayer for relief, Shamrock denies that Theis is entitled to the relief requested or any relief whatsoever on the Counterclaims.

91. Shamrock denies each and every allegation contained in the Counterclaims not specifically admitted herein to be true.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, Shamrock states and alleges as follows:

1. The Counterclaims fail to state a claim upon which relief may be granted.

2. The Counterclaims are barred by Theis's failure to mitigate his alleged damages.

3. The Counterclaims are barred, in whole or in part, because at all times relevant to the Counterclaims, Shamrock acted in good faith, and/or without malice, or wrongful or willful intent.

4. The Counterclaims are barred, in whole or in part, because Shamrock did not provide any false information with respect to Theis's compensation.

5. The Counterclaims are barred, in whole or in part, because at all times relevant to the Counterclaims, Shamrock paid all commissions owed to Theis.

6. The relief sought in the Counterclaims should be denied to the extent that any of Theis's claims are barred, in whole or in part, by Theis's own actions and inactions.

7. Theis's claims are barred, in whole or in part, by the doctrines of modification, ratification, and/or accord and satisfaction.

8. The relief sought in the Counterclaims should be denied to the extent that any of Theis's claims are barred, in whole or in part, by the doctrines of acquiescence, waiver and/or release, estoppel (including without limitation, equitable estoppel and judicial estoppel), *res judicata*, and/or laches and unclean hands.

9. The relief sought in the Counterclaims should be denied to the extent that any of Theis's claims are barred, in whole or in part, by the doctrines of set-off and/or recoupment.

10. The amounts that Theis believes are owed to him are disputed by Shamrock.

11. Shamrock reserves the right to amend this Answer, including the affirmative defenses, and to raise additional affirmative defenses that may become evident during discovery and during other proceedings in this action.

**WHEREFORE**, Shamrock respectfully requests that this Court dismiss the Counterclaims with prejudice and award Shamrock its costs, including reasonable attorneys' fees.

Respectfully submitted,

*s/ Daniel J. Cianchetta*
JOSEPH N. GROSS (0056241)
DANIEL J. CIANCHETTA (0089736)
**BENESCH, FRIEDLANDER, COPLAN &**
   **ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:   jgross@beneschlaw.com
            dcianchetta@beneschlaw.com

*Attorneys for Plaintiff and Counterclaim Defendant The Shamrock Companies, Inc.*

## CERTIFICATE OF SERVICE

The foregoing was electronically filed this 2nd day of June 2022.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Daniel J. Cianchetta (0089736)
*One of the attorneys for Plaintiff/Counterclaim Defendant The Shamrock Companies, Inc.*

15677369 v4